UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHELLE CORTES,                                              Case No. _____
                         Plaintiff,

           -vs.-                                              **COMPLAINT**

LATINA MEDIA VENTURES LLC and
SOLERA CAPITAL, LLC,
                         Defendants.
-------------------------------------------------------------X

Plaintiff, MICHELLE CORTES, by and through her attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

### *THE PARTIES*

1. Plaintiff Michelle Cortes, (hereinafter the "Plaintiff") is an individual residing at 14590 Quail Trail Circle, Orlando Florida 32837.

2. Defendant Latina Media Ventures LLC (hereinafter "Latina Media" or the "Defendant") is a domestic limited liability company.

3. Defendant Latina Media has its principal place of business at 22 Cortlandt Street, New York, NY 10007.

4. The Defendant SOLERA CAPITAL, LLC (hereinafter "Solera") was and is a limited liability company organized and existing pursuant to the laws of the State of Delaware, which is authorized to do business in New York by the Secretary of State.

5. Solera does, and at all times herein pertinent did, maintain its principal place of business at 625 Madison Avenue, New York, New York 10022.

## *JURISDICTION AND VENUE*

6. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

7. Venue is based upon 28 U.S.C. § 1391 (b)(1), insofar as at least one of the Defendants resides within this judicial district, and insofar as a substantial part of the events giving rise to the within causes of action occurred in this judicial district, *Id.*, subd. (b)(2).

## *FACTUAL ALLEGATIONS*

8. At all times herein pertinent, the Defendant Latina Media was in the business of publicizing and branding lifestyle, entertainment, beauty, culinary, and fashion products and ventures through the utilization of print media and internet presence, and sold advertising.

9. At all times herein pertinent, the Defendant Latina Media was engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

10. At all times herein pertinent, and in the course of her duties, the Plaintiff was employed as an advertising salesperson for the defendant Latina Media, and her duties included the solicitation, negotiation and closing of advertising sales on an interstate basis,

and regularly sending proposals, advertising copy, and other materials to existing and prospective purchasers of advertising from Latina Media.

11. In such capacity, the Plaintiff handled products which had been moved in commerce in the ordinary course of her regular duties, including, but not limited to stationary supplies, and regularly transmitted her work product interstate to Latina Media and to its prospective and existing customers on an ongoing basis, utilizing electronic mail and ordinary mail.

12. Ms. Cortes was employed by the Defendant between 2011 until on or about April 11, 2018.

13. Between March 1, 2018 through April 11, 2018, (hereinafter the "Period of Non-Payment"), the Plaintiff worked her regular schedule of 9AM through 6PM, Monday through Friday.

14. During portion of the calendar year 2018 during which the Plaintiff was employed by Defendant, and at all times herein pertinent, the Plaintiff had been a salaried, non-commissioned salesperson, working the hours set forth in the preceding paragraph, being entitled to $3,750 as her bi-weekly gross pay pursuant to agreement and pursuant to the ongoing course of dealing between the parties.

15. The Plaintiff's earnings were historically reported to the IRS as wages on form W-2.

16. As part of her ongoing employment arrangement, Plaintiff regularly advanced various expenses which were incidental and necessary to her said employment, which she would then invoice to the Defendant.

17. The Defendant would then reimburse her for all such expenses so invoiced.

18. During and prior to the Period of Non-Payment, the Plaintiff expended $1,290.43 of her own funds in expenses which were necessary and incidental to her employment and to the business interests of her said employer.

19. The Plaintiff duly invoiced all of the foregoing expenses to her said employer no later than April 11, 2018, but the Defendant has failed to make reimbursement or any part thereof.

20. The Plaintiff was not paid any of her salary which accrued to her during the Period of Non-Payment, nor did she receive any other compensation in connection with work she did during such period.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANT LATINA MEDIA*
### *(MINIMUM WAGE)*

21. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

22. Upon information and belief, for the calendar year 2018 the gross receipts of Latina Media Ventures will not be less than $500,000.00.

23. Latina Media is therefore an "enterprise engaged in commerce or in the production of goods for commerce" within the purview of 29 U.S.C. § 203(s)(1)(A).

24. Plaintiff alternatively alleges that the factual allegations above make out individual Fair Labor Standards Act ("FLSA") jurisdiction, as opposed to enterprise jurisdiction, *see*, 29 CFR Chapter V, Subchapter B, Subpart A – General – Individual Employee Coverage, insofar as ideas, advertising copy, and telephonic communications constitute "goods" for the purposes of production in commerce, 29 CFR 776.20(b).

25. Therefore, the minimum wage provisions set forth in the FLSA, 29 U.S.C. § 206 and the supporting federal regulations apply to Defendant for the protection of the Plaintiff.

26. During the Period of Non-Payment aforesaid, the Defendant has failed to pay the proper statutory minimum wage to which Plaintiff was entitled under the FLSA.

27. As a result of Defendant's violation of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amount, together with a like amount as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANT LATINA MEDIA*
### *(FAILURE TO PAY MINIMUM WAGE)*

28. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

29. At all times herein pertinent, Plaintiff was an employee of Defendant Media Latina within the meaning of the New York Labor Law.

30. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations applied to Defendant vis-à-vis the Plaintiff.

31. With respect to the aforesaid Period of Non-Payment, Defendant has failed to pay the Plaintiff the proper minimum wages to which she was entitled under the New York Labor Law.

32. By virtue of Defendant's failure to pay the Plaintiff proper minimum wages for hours worked during the Period of Non-Payment, it has willfully violated the New York

Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

33. Due to Defendant's violation of the New York Labor Law, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest.

***AS AND FOR A THIRD CAUSE OF ACTION***
***NEW YORK STATE LABOR LAW***
***AGAINST THE DEFENDANT LATINA MEDIA***
***(FAILURE TO PAY EARNED WAGES DUE)***

34. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

35. At all times herein pertinent, Plaintiff was an employee of Defendant Media Latina within the meaning of the New York Labor Law.

36. Article 19 of the New York Labor Law and its supporting regulations apply to Defendant vis-à-vis the Plaintiff.

37. During the aforesaid Period of Non-Payment, Defendant was obligated to pay the Plaintiff $3,750 bi-weekly.

38. The Plaintiff worked as required during the entirety of such period. No part of the wages due to her for such period have been paid, and the time within which the Plaintiff is entitled to receive such payment as of right under the NY Labor Law has lapsed.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANT LATINA MEDIA*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

39. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

40. Since Plaintiff was first hired by the Defendant in 2011, her compensation structure has changed from year to year.

41. With each such change in her compensation structure, Defendant was required to furnish her with a corresponding new annual wage notice pursuant to NYLL, Article 6, § 195(1).

42. Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

43. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL,

Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANT LATINA MEDIA*
### *(UNLAWFUL DEDUCTION FROM WAGES)*

44. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45. Defendant's failure to reimburse the expenses which the Plaintiff advanced during the course of her said employment constituted a deduction form wages pursuant to § 193 of the New York Labor Law.

46. By virtue thereof, the Plaintiff is entitled to recover the same, together with a like sum as liquidated damages, together with costs and attorney's fees.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *AGAINST THE DEFENDANT LATINA MEDIA*
### *(BREACH OF CONTRACT)*

47. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

48. Plaintiff's employment relationship with the defendant Latina Media met all of the legal requirements of a contract.

49. Pursuant to the contractual relationship aforesaid, the Defendant was required to pay the Plaintiff the sum of $3,750 gross on a bi-weekly basis, and was required to reimburse the expenses she had incurred as invoiced.

50. The Defendant has failed to pay any of the wages accrued during the Period of Non-Payment or any part thereof.

51.     The Defendant has similarly failed to reimburse any of the expenses aforesaid which were expended and invoiced by the Plaintiff.

52.     Due to the foregoing, the Defendant is liable to the Plaintiff for all unpaid wages accrued and all such expenses which have not been reimbursed.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *LIMITED LIABILITY COMPANY LAW § 609*
### *AGAINST THE DEFENDANT SOLERA CAPITAL, LLC*

53.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54.     Upon information and belief, the basis thereof being articles in the press describing Solera Capital, LLC ("Solera") as the owner of Latina Media, Solera was one of the ten members with the largest percentage ownership interest in the Defendant during the Period of Non-Payment.

55.     Prior to the commencement of the within action, Solera was notified in writing, as required by Limited Liability Company Law § 609(c), of Plaintiff's intention to hold it liable for the unpaid wages, deductions from wages, liquidated damages, prejudgment interest, attorney's fees and costs due from Latina Media which form the underlying basis of this complaint.

56.     By virtue of the foregoing, Solera is liable to Plaintiff for all sums which may be adjudicated as being owed to Plaintiff by Latina Media in connection with services she performed for her said employer. These sums shall specifically include salaries, unreimbursed expenses, any concomitant liquidated damages, penalties, interest, attorneys' fees and costs, as specifically provided for in Limited Liability Company Law § 609(d).

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for minimum wage due and owing to the Plaintiff;

b) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

c) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

d) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

e) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
May 18, 2018

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

William Cafaro, Esq. (WC2730)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
Our File No.: 52987

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHELLE CORTES,                                                              Case No.

                              Plaintiff,

    -vs.-

LATINA MEDIA VENTURES LLC and
SOLERA CAPITAL, LLC,

                              Defendants.
------------------------------------------------------------X

## COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52987