UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/20

Michelle Cortes,

    Plaintiff,

–v–

Latina Media Ventures LLC, *et al.*,

    Defendants.

18-cv-4449 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

In 2018, Plaintiff filed a complaint in this action alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (NYLL), Art. 19 §§ 190 and 650 *et seq.* *See* Dkt. No. 1. Several months later, the parties informed the Court that they had reached a settlement. *See* Dkt. No. 26. And in February 2019, the parties submitted a proposed a settlement agreement for the Court's approval and a letter explaining their views on the fairness of the settlement. *See* Dkt. No. 38. The agreement provides for a total settlement amount of $8,000.00, including attorney's fees and costs. Plaintiff's counsel seeks fees and expenses in the amount of $3,179.67. For the following reasons, the Court approves the settlement agreement.

    I.    **LEGAL STANDARD**

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). A plaintiff's FLSA claims therefore cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky*

1

*v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

In determining whether the proposed settlement is fair and reasonable, courts "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

## II.   DISCUSSION

The Court finds that the total settlement amount is reasonable. According to her allegations, Plaintiff is owed $12,965.48 in unpaid wages and liquidated damages ($1,290.43 in unlawful deductions for failing to pay the Plaintiff's expenses and $11,675.05 in liquidated damages). Dkt. No. 29 at 2. The parties represent that Defendant has paid Plaintiff the underlying wages owed, but has not paid any of the liquidated damages provided for by the FLSA. *Id.* With this settlement amount, therefore, Plaintiff is recovering 62% of the value of her claim, exclusive of attorney's fees and costs. *Id.*

The total settlement amount is presumptively reasonable. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). And courts in this District regularly find that

settlement recoveries in this range as reasonable.  *See, e.g., Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857256 at *2 (S.D.N.Y. May 5, 2017) (approving a settlement amount of approximately 61% of maximum recovery); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at 21 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximate 25% of maximum recovery).  In light of the Plaintiff's representations regarding potential obstacles to her prevailing at trial, such has her reluctance to testify, and the costs of litigation to her as she lives in Florida, Dkt. No. 29 at 2–3, a recovery of 62% is reasonable.  And although the settlement agreement contains a mutual non-disparagement clause, such clauses are typically acceptable in settlement agreements where, as here, the clause contains a carve out for truthful statements about the litigation.  *See Chowdhury v. Brioni Am., Inc.*, No 16-cv-344 (HBP), 2017 WL 5125535 at *4 n.6 ("Judges in this District generally approve mutual non-disparagement clauses that include 'carve-outs' for truthful statements about the litigation.").

The Court also approves the proposed award of attorneys' fees and costs. The amount requested in attorneys' fees represents one-third of the total settlement amount, and courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases.  *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases).  Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts typically use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.  *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage").  The lodestar amount is the presumptively reasonable fee—"the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank &*

*Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ) (internal quotation marks omitted).  Here, the total lodestar is $5,485.00, an amount greater than the one-third contingency fee charged by Plaintiff's counsel.  The Court therefore approves the fee award.  *See, e.g.*, *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees.").  The Court also concludes that the proposed costs of $513 are reasonable.  *See Collado v. Donnycarney Rest. L.L.C.*, No. 14-cv-3899 (GBD), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases),

III. **CONCLUSION**

For the reasons stated above, the Court approves the settlement agreement in full.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: August 16, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

4